# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL |
| --- | --- | --- |
| | : | NO. 15-21-08 |
| v. | : | |
| | : | |
| CHARLES JOHNSON | : | |
| *Defendant-pro se* | : | |

## O R D E R

**AND NOW**, this 2nd day of March 2018, upon consideration of the *motion to return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure*, (Doc. 836), filed by Defendant Charles Johnson ("Defendant"), and the Government's responsive *motion to dismiss Defendant's motion for return of property*, (Doc. 837), it is hereby **ORDERED** that the Government's motion, (Doc. 837), is **GRANTED**, and Defendant's motion, (Doc. 836), is **DENIED**, without prejudice to its refiling in the United States District Court for the Middle District of Pennsylvania.[1]

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] In his underlying motion, filed pursuant to Federal Rule of Criminal Procedure ("Rule") 41(g), Defendant seeks the return of $8,985.59 seized by the Government from his inmate trust fund account in White Deer, Pennsylvania, located in the federal Middle District of Pennsylvania. The money was seized pursuant to a January 25, 2018 Preliminary Order of Forfeiture for Substitute Asset. (Doc. 832). Rule 41(g) provides that an aggrieved person may move for the return of property, but any such "motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Though there appears to exist a circuit split as to whether such motions may also be filed in the district where a criminal defendant was tried, the Third Circuit Court of Appeals has held that this "circuit split would be resolved by the proposed change in Federal Rule of Criminal Procedure 41(g) designating the district in which seizure occurred as the location where a motion must be filed." *See Foehl v. United States*, 238 F.3d 474, 481 n.9 (3d Cir. 2001); *see also United States v. Parlavecchio*, 57 F. App'x 917, 921 (3d Cir. 2003). The anticipated amendments to Rule 41(g) went into effect, making it clear that such motions must be filed in the district where the property was seized. Fed. R. Crim. P. 41(g); *see also United States v. Houshar*, 2006 WL 562206, at *8 (E.D. Pa. Mar. 7, 2006) (holding that amendments to Rule 41(g) make it clear that such motions must be brought in district where property at issue was seized). Here, because the property at issue was seized in the federal Middle District of Pennsylvania, Defendant's motion should have been filed in that district. Accordingly, Defendant's motion is denied, without prejudice to its refiling in the Middle District of Pennsylvania.